Judge Wood
delivered the opinion of the court:
Do the facts in this case give the plaintiffs a right to recover? Johnson was in the plaintiffs’ debt a sum greater than the notes he delivered. The notes wore negotiable, and if negotiated for a valuable consideration without notice, the right of the holder would prevail, even against a true owner ; but such consideration must be actual, the holder must have incurred loss, by giving credit to the paper, or by paying a fair equivalent for it. If he has done, if the plaintiffs have done neither, but have merely taken the paper (or a pre-existing debt, their condition is improved if they recover, but nothing is lost by their failure, as they remaiu as before. In such case thé equity of the holder is not superior to that of the owner. Such is substantially the language of the court of errors in New York. 20 Johns. 637. Spencer, Judge, said, that in all the cases cited, in which such transfer had been valid, the notes or bills had been taken in the usual course of trade, for a present consideration, and not as security for an antecedent debt. And whoever receives a note, negotiable on its face, in payment of a precedent debt, takes its subject to all its equities between the original parties. -In such cases, the holder has no ^equity superior .to the maker, and the law will leave him in possession who already has it. These principles are recognized in 10 Wend. 86, and appear to decide this case. The notes in question were not received in the usual course of trade, for a valuable consideration, in the meaning of those terms, applicable to such cases, but for a precedent debt. Failing in this suit, the plaintiffs lose nothing. They remain in the position they were in when they took the .notes, and may sue on their original cause of action. The notes received were no payment and bar no right.
We have, so far, considered the transaction between Johnson and Yan Amringe bona fide. It might, we think, be viewed in *538 a very different light. During the visit of these gentlemen at Nashport, Yan Amringe remained at his lodgings; he did not visit the store of Anderson, though himself a merchant, and within a few rods twelve or fifteen hours; made no inquiries about Anderson’s business or standing; was not seen by him; but as soon as the notes were handed to him, he filled them up to himself, retained them as his own, and the parties departed together. The state of case, and conduct of these men, strongly impress the mind with the belief, that the whole business was previously arranged between them; and this impression is strengthened by the subsequent absconding of Johnson totally insolvent. If this is correct, fraud is fixed upon the plaintiffs. In such a state of case they can not recover. A note made for the maker’s own accommodation for discount at bank, can not, upon the refusal of the bank to discount, be transferred to one having knowledge of the facts, so as to enable him to recover. 6 Ohio, 249.
Judgment for defendant.